**Ralph J. ALVEY, Appellant,**

v.

**UNITED AIR LINES, INC.**

**No. 72–1681.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 16, 1974.

Decided Feb. 21, 1974.

Ralph J. Alvey, pro se.

William A. Bradford, Jr., Washington, D. C., with whom Frank F. Roberson, Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, WRIGHT, Circuit Judge, and WYZANSKI,* United States Senior District Judge for the District of Massachusetts.

WYZANSKI, District Judge:

This is an appeal from summary judgment for defendant in an action for defamation and false imprisonment.

The district court had before it not merely the complaint but documents produced by plaintiff, plaintiff's deposition taken by defendant, and other material filling a 394-page joint appendix in this court.

■ Cautious as we must be in responding to a motion for summary judgment in a tort action for defamation and false imprisonment where the factual issues are often contentious, and mindful as we must be that where there is any factual dispute the plaintiff has the benefit of every doubt and every inference at the stage where defendant moves for summary judgement, we cannot see how, on the facts here admitted by plaintiff, he presents a genuine issue of fact which under the law he would be entitled to present to a jury for its verdict. The indisputable facts follow.

Alvey had a ticket on United for its Flight 276, from Rochester, New York, to Washington, D. C., which was scheduled to depart December 9, 1968, at 5:30 p. m.

At 4 p. m. the Rochester police informed United that they had received a telephone call from a young black boy stating that "there is a bomb on a plane leaving for Washington now." The next flight to Washington was Flight 276. United set up at the Rochester airport a special check-in facility to notify passengers of the bomb threat, and to examine luggage.

Alvey had as carry-on baggage a pasteboard folder and a small package wrapped in brown paper. He stood in line waiting to be searched. At the gate, one of the deputy sheriffs of Monroe County who had been sent by the sheriff for the special purpose of checking passengers and luggage on Flight 276 asked Alvey to open his folder. Alvey refused and asked the deputy why he wanted to open the folder. When the deputy told him that he was searching for a bomb, Alvey opened the folder and let the deputy examine its contents.

Alvey then entered the plane and selected a seat in the rear, but did not sit down. Then Alvey, concerned about the bomb, said to a passenger, "Did the sheriff say they were looking for a bomb?" According to Alvey, the passenger "just smiled and then looked baffled." Thereafter, Alvey asked one and then another stewardess, how to cancel his flight. The second stewardess told him to return to the terminal and, since he no longer had his plane ticket, to surrender his reservation. Admittedly, that was exactly what Alvey did; and a contrary version that the deputy sheriffs removed him is a wholly false recollection, contrary to the facts and even to Alvey's own recollection. Alvey, once having voluntarily left the plane,

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

immediately made a later reservation; and sat down in the waiting room.

According to one of the deputy sheriffs, Sgt. Bertino, "the stewardess came running off the plane, caught his attention, and said that a passenger on the plane made some remarks about a bomb being on the plane, and he was getting off." She "stated a man that had boarded the plane was acting irrationally, and he had upset a few of the other passengers on the plane."

Another deputy sheriff, Rooksby, had a slightly different recollection of what the stewardess had said: "She stated that a man jumped up and said something about a bomb. I can't recall the exact words again, and that he left the plane." "She wasn't sure whether he left a package or not under the seat or around the seat." "She was concerned about possibly there was something left on the plane."

The sheriff's men boarded, but found nothing.

Thereafter, the deputies, by restricting Alvey's freedom to move, engaged in what for present purposes we shall assume, without so deciding, constitutes an arrest. The detention was for identification, investigation, and the like. It lasted about fifteen minutes. The arresting officers freed Alvey in time for him to take a bus for which he had procured a new reservation in place of his plane reservation.

In the complaint at bar plaintiff alleges against United causes of action for slander and false arrest.

On the undisputed facts, and on the interpretation of them most favorable to plaintiff, he has not stated a cause of action.

Plaintiff's contention with respect to the slander cause of action is that "the stewardess accused Alvey (1) of making a bomb threat and (2) of planting explosives on board Flight 276." But that contention is contrary to the admitted facts. What is undisputable is that the statements attributed to the stewardess by the only persons who claim to have heard her were not of the character alleged, and were wholly innocent. Plaintiff in his pleadings, brief, and argument, appears to have misperceived the thrust and meaning of these statements.

 Plaintiff's contention with respect to the cause of action for false arrest is likewise contrary to the indisputable facts. There is no evidence whatsoever that United or its agents arrested Alvey. Nor is what the stewardess is said to have stated, nor is anything else said or done by an agent of United, evidence that United procured, instigated or directed Alvey's arrest. On the contrary, the uncontradicted evidence is that the arrest was made wholly on the initiative of the sheriff's men.

Accordingly, seeing no material fact in dispute, we affirm the district court's order of summary judgment.

Affirmed.